**Svetlana GRIGORYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74016.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.\*

Decided Jan. 12, 2005.

Svetlana Grigoryan, Los Angeles, CA, pro se.

R.App. P. 34(a)(2).

Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., John S. Hogan, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Svetlana Grigoryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA streamlined its review of the IJ's decision, we review the IJ's decision as the agency's final determination. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review the IJ's factual findings for substantial evidence and will reverse the IJ's determination only if the evidence compels such a result. *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001). We review due process claims de novo. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Grigoryan did not establish a nexus between the beatings and death of her son and her race, religion, nationality, membership in a particular social group or political opinion. *See Nagoulko v. INS*,

** This disposition is not appropriate for publication and may not be cited to or by the

333 F.3d 1012, 1016 (9th Cir.2003). To the extent that Grigoryan contends her due process rights were violated because the IJ failed to adequately consider the entire record, specifically her asylum application, the contention is unavailing. The record reflects that the IJ did consider her application, but concluded based on her testimony that she did not establish that the incidents she described occurred on account of an enumerated ground.

In addition, Grigoryan is not entitled to CAT relief because she failed to demonstrate that it is more likely than not that she will be tortured if returned to Armenia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

