Javier Blancas ESQUIVEL, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–71411.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Decided May 16, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The claims of Singh's wife and children are derivative of his claim. 8 U.S.C. § 1158(b)(3).

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Javier Blancas Esquivel, Santa Ana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David Dauenheimer, DOJ—U.S. Department of Justice Civil Division/Torts Branch, Richard M. Evans, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM ***

Javier Blancas Esquivel, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his removal proceedings, due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252, grant the petition for review, and remand for further proceedings.

In his motion to reopen, Blancas alleged that he did not become aware of the claimed ineffective assistance of counsel until after receiving his bag-and-baggage letter, and subsequently consulting with a new attorney. By this time, the 90–day period for filing motions to reopen had expired. Although Blancas argued that equitable tolling should apply, the BIA denied his motion to reopen as untimely without addressing equitable tolling.

Reviewing for abuse of discretion, *see Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc), we conclude that the BIA ruled erroneously. Equitable tolling of deadlines for motions to reopen applies "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003). We remand for the BIA to consider whether Blancas's "ignorance of the limitations period was caused by circumstances beyond his control." *Socop–Gonzalez*, 272 F.3d at 1193.

**PETITION FOR REVIEW GRANTED; REMANDED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.