# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SVETLANA GRIGORYAN,
                    *Petitioner,*

v.

PETER D. KEISLER,* Acting
Attorney General,
                    *Respondent.*

No. 05-77020

Agency No.
A75-706-989

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2007**

Filed November 19, 2007

Before: Harry Pregerson, Stephen Reinhardt, and
A. Wallace Tashima, Circuit Judges.

Per Curiam Opinion

---

*Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

**This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Artem M. Sarian, Esq., Glendale, California, for the petitioner.

Peter D. Keisler, Esq., Linda S. Wernery, Esq., Daniel G. Lonegran, Esq., Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

---

## OPINION

PER CURIAM:

Svetlana Grigoryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings on the ground of ineffective assistance of counsel. Grigoryan previously applied for asylum, which the agency denied for failure to demonstrate a nexus to a protected ground, and this court denied her petition for review. Represented by new counsel, she moved to reopen. The BIA denied and Grigoryan now petitions for review.

We have jurisdiction to review the BIA's final order, 8 U.S.C. § 1252(a), and we review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). The BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to law." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000). We review de novo claims of due process violations arising from ineffective assistance of counsel. *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002).

We deny in part and grant in part the petition for review, and remand with instructions for the BIA to consider Grigoryan's contention that she was entitled to benefit from a presumption of prejudice and that she demonstrated plausible grounds for relief when she submitted evidence that her fear of persecution had an objective basis.

## FACTS AND PROCEDURAL HISTORY

Grigoryan was born in Armenia of mixed ethnicity. Her father was Armenian and her mother was Turkish. She entered the United States in 1999 and applied for asylum. She was represented by attorney Walter Burrier. The immigration judge ("IJ") assumed that Grigoryan was credible, but found that she did not establish that she was persecuted on account of a protected ground. Grigoryan claimed that she was persecuted and that she had a well-founded fear on account of her ethnicity.

In her asylum affidavit Grigoryan declared that she and her parents were constantly harassed by Armenians because her mother was Turkish. After her father's death, she and her mother and brother moved to Azerbaijan to live near her mother's relatives. In 1988, the war erupted in Azerbaijan and, because she was Armenian, she was harassed, beaten, and jailed. She and her husband and children fled to Russia. In 1992, they returned to Armenia and struggled to survive because of the hostility Armenians held against them because they were from Azerbaijan.

In 1994, Grigoryan became president of an Armenian aid organization that assisted soldiers wounded in the war between Armenia and Azerbaijan. Grigoryan testified that there was personal animus between her and another woman who wanted to be president of the organization, and that this rival provoked others to attack her by telling them that she was part Turkish and, therefore, did not properly care for the wounded Armenian soldiers. She testified that, on January 15, 1995, the parents of some soldiers attacked and severely injured her, and then attacked and killed her 13-year old son. Grigoryan corroborated her testimony with medical records.

Grigoryan's former attorney filed a boilerplate brief with the BIA. Significant portions of the brief were irrelevant to her case, such as a discussion of adverse credibility findings.

The brief conceded that her testimony did not qualify her for asylum, but asserted that the facts she set forth in her asylum application did. However, the brief failed to state these facts and merely incorporated by reference her asylum application. The brief was almost devoid of specific references to Grigoryan's case.

The BIA summarily affirmed and, ostensibly pro se, Grigoryan petitioned this court for review. A previous screening panel of this court concluded that substantial evidence supported the agency's finding that Grigoryan did not establish a nexus between the attack and a protected ground. *See Grigoryan v. Ashcroft*, 119 Fed. Appx. 163 (9th Cir. Jan. 12, 2005).

Almost two years after the BIA's final decision, Grigoryan filed a motion to reopen and remand on grounds of ineffective assistance of counsel. Grigoryan argued that she learned of the ineffective assistance on May 20, 2005, when she met with new counsel, and that equitable tolling applied. She argued before the IJ that her former attorney failed to elicit relevant facts, failed to meet with her, failed to submit appropriate background information, failed to amend her affidavit, failed to provide the IJ and opposing counsel with original documents in a timely fashion, did not tell her to look for documents, and was late for a court appearance.

Grigoryan also argued that Burrier failed to file a meaningful brief in support of her appeal to the BIA, and offered to assist her to petition for review even though he was not admitted to practice before this court. She stated that Burrier did not advise her that he was ineligible to practice before the court and had been sanctioned by it, and advised her to consult with a disbarred attorney, Walter Wenko, who would write her brief for her. Grigoryan attached several documents to the motion, including but not limited to her affidavit attesting to the claims regarding Burrier, and a finding by counsel for the State of Connecticut that there was probable cause to find that

Burrier engaged in misconduct and/or unethical conduct in Grigoryan's case.

Grigoryan also attached a proposed brief to the BIA, together with a motion to admit additional documents and to remand, requesting the BIA to consider this brief in place of the deficient brief submitted by Burrier. The new brief argued there was in fact a nexus because the female rival, though motivated herself by personal jealousy, spread a rumor so that those who attacked Grigoryan and her son were motivated by anti-Turkish and anti-Azeri animus. Grigoryan therefore argued that she was eligible for asylum because she had shown past persecution. She also argued that because she established past persecution she was entitled to a presumption of a well-founded fear and that attached evidence demonstrated that her fear had an objective basis.

The new evidence did not relate to the 1995 attack, but purported to demonstrate that Grigoryan's fear had an objective basis because of antipathy and violence against people of mixed Azeri or Turkish origin. The new evidence included a United Nations report stating that Armenian-Azeri couples are at risk of persecution in Armenia. Grigoryan also submitted media reports about violent incidents and tension between Armenians and Azeris and/or Turks.

The BIA denied reopening. It found that Grigoryan's motion complied with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), but was untimely because it was filed more than 90 days after the BIA's summary affirmance. It declined to consider whether the deadline should be equitably tolled, concluding instead that, "assuming ineffective assistance of counsel, the respondent has not demonstrated that she suffered prejudice as a result of her attorney's ineffectiveness." The BIA noted that the IJ, the BIA, and this court concluded that Grigoryan did not establish that the 1995 attack was on account of a protected ground, and determined that the evidence she submitted with her motion

"does mention problems in Armenia for persons of Azeri ethnic background, but that general information does not address the fact that the respondent has not shown that she was attacked because of her Azeri ethnicity."

Grigoryan timely petitioned for review. She contends that the time limit for her motion to reopen was equitably tolled as a result of ineffective assistance at the hearing, in her agency appeal, and in her first petition for review, and that she was prejudiced as a result. She further contends that she was entitled to a presumption of prejudice because she was effectively denied the opportunity to present her case. As before the BIA, she does not contend that the evidence submitted with the motion demonstrates that the 1995 attack was on account of a protected ground, but that there is animus and violence in Armenia against people of mixed ethnicity and that her fear of future persecution therefore has an objective basis.

## INEFFECTIVE ASSISTANCE OF COUNSEL

[1] A petitioner who raises an ineffective assistance of counsel claim must satisfy several procedural requirements, must demonstrate that counsel failed to perform with sufficient competence, and must establish "that she was prejudiced by counsel's performance." *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). In the context of an ineffective assistance claim, "prejudice results when 'the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.' " *Id.* at 793-94, citing *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999); *accord Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam).[1]

---

[1]This showing is different from that required in a motion to reopen on grounds other than ineffective assistance, where the movant must show prima facie eligibility for the underlying substantive relief requested. *See, e.g., INS v. Wang*, 450 U.S. 139, 145 (1981) (per curiam). A prima facie case is shown when the evidence reveals a reasonable likelihood that the statutory requirements for the underlying substantive relief have been satisfied. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003); *see also Maravilla Maravilla*, 381 F.3d at 858.

**[2]** We have recognized limited exceptions to the general requirement of a showing of prejudice. For instance, a showing of prejudice is not required when a claim of ineffective assistance of counsel is the basis for a motion to reopen proceedings in which the agency issued an *in absentia* removal order. *See, e.g., Lo v. Ashcroft*, 341 F.3d 934, 939 n.6 (9th Cir. 2003).

**[3]** Also, when a petitioner is entirely deprived of an appellate procedure due to ineffective assistance of counsel, prejudice is presumed. *See Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000). In *Dearinger*, counsel failed to file a timely petition for review and we held that "where an alien is prevented from filing an appeal in an immigration proceeding due to counsel's error, the error deprives the alien of the appellate proceeding entirely." *Id.* Finding that the petitioner would have appealed but for the attorney's error, we held that prejudice could be presumed and affirmed the district court's order granting her habeas corpus petition and directing the government to reissue the order of deportation so that she had a new period within which to obtain review by this court. *See id.* at 1043, 1046.

**[4]** In *Ray v. Gonzales*, 439 F.3d 582 (9th Cir. 2006), we clarified the showing that a petitioner must make when the presumption applies, holding that when prejudice is presumed, "we will find that a petitioner has been denied due process if he can demonstrate plausible grounds for relief on his underlying claim." *Id.* at 587 (internal quotations and citations omitted). The government may rebut this presumption. *See id.* at 589; *see also Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003). In *Ray*, petitioner's second attorney failed to file a timely motion to reconsider or reopen and his third attorney "provided no substantive legal assistance whatsoever[.]" *Id.* at 584, 588. These attorneys therefore "prevented Ray . . . from presenting his case *at all*." *Id.* at 588 (emphasis in original). Because Ray would have appealed but for the errors of his attorneys, he was entitled to a presump-

tion of prejudice, and the government did not rebut this presumption. *See id.* at 589.

Likewise, in *Siong v. INS*, 376 F.3d 1030 (9th Cir. 2004), petitioner's first attorney filed an untimely notice of appeal and we presumed prejudice and required a showing of "plausible grounds for relief." *Id.* at 1038. In *Rojas-Garcia*, we presumed prejudice when counsel failed to file an appeal brief, but found that the petitioner did not present plausible grounds for relief and therefore denied the petition for review. *See Rojas-Garcia*, 339 F.3d at 826, 828.

Here, Grigoryan's new attorney moved to reopen on grounds of ineffective assistance by former counsel, arguing that she was denied meaningful review and was entitled to a presumption of prejudice. We agree.

**[5]** The Grievance Counsel for the State of Connecticut found "that there is probable cause that [Burrier] engaged in misconduct and/or unethical conduct" in his representation of Grigoryan before the agency and before this court. Burrier filed a boilerplate brief before the BIA. Only a few lines were specific to Grigoryan's case. Several of its ten pages were devoted to a discussion of adverse credibility findings, but in this case the IJ did not make an adverse credibility finding. The brief immediately conceded that Grigoryan's testimony did not qualify her for asylum: "The case is strange because the appellant . . . testified to lots of heart rendering [sic] stuff but nothing that would qualify for asylum." Administrative Record at 164. Instead, Burrier stated that Grigoryan's asylum application showed her eligibility for asylum. However, rather than state these facts, the brief merely incorporated the application by reference, leaving it to the BIA to ferret out the purportedly critical information. Further, Grigoryan's asylum application was poorly drafted and prepared without the assistance of counsel.

**[6]** Not only was Grigoryan prevented from reasonably presenting her case, *see Lin v. Ashcroft*, 377 F.3d 1014, 1024-27

(9th Cir. 2004), but she was deprived of meaningful appellate review, *see Dearinger*, 232 F.3d at 1045. As a result she was entitled to a presumption of prejudice. *See Ray*, 439 F.3d at 586-89*; Siong*, 376 F.3d at 1038; *Rojas-Garcia*, 339 F.3d at 826; *Dearinger*, 232 F.3d at 1043.

**[7]** The BIA, however, abused its discretion because it failed to presume prejudice and placed the burden entirely on Grigoryan to demonstrate prejudice. *See Maravilla Maravilla*, 381 F.3d at 858 (remanding for the BIA to consider prejudice under the correct standard).

## PAST PERSECUTION

Although a petitioner claiming ineffective assistance may enjoy a presumption of prejudice, she must nevertheless "demonstrate plausible grounds for relief on [her] underlying claim." *Ray*, 439 F.3d at 587. Further, the presumption is rebuttable. *See id.* at 589.

**[8]** Grigoryan argued in her motion to reopen that there was a nexus to a protected ground in the 1995 attack because her female rival incited ethnic hatred. The BIA rejected this argument and found that the additional evidence Grigoryan submitted did not support the argument. We agree. Our prior disposition in this matter established that substantial evidence supported the agency's determination that Grigoryan had not established a nexus. *See Grigoryan*, 119 Fed. Appx. 163. The motion to reopen contained no evidence concerning the 1995 attack. The brief argued there was a nexus, but none of the attached documents had any bearing on the 1995 attack. *See INS v. Wang*, 450 U.S. 139, 141 (1981) (regulation requires alien to support particular facts alleged in motion to reopen "by affidavit or other evidentiary material").

**[9]** Grigoryan therefore failed to demonstrate plausible grounds for relief on her claim of past persecution arising from the 1995 attack. *See Rojas-Garcia*, 339 F.3d at 826

(denying relief because petitioner "cannot show that his . . . arguments might have been successful on appeal to the BIA."). Her ineffective assistance claim fails on this ground and it is not necessary to consider whether the government successfully rebutted the presumption of prejudice.

## WELL-FOUNDED FEAR OF PERSECUTION

**[10]** Grigoryan also argued in her motion to reopen that, independent of her past persecution claim, she had a well-founded fear of future persecution. She supported her well-founded fear claim with evidence of antipathy and violent acts between Armenians and Azeris and of persecution in Armenia of people of Armenian-Azeri ethnicity. The BIA stated that she showed that there were "problems in Armenia for persons of Azeri ethnic background," but it did not consider her fear of future persecution claim. Rather, it construed the documents only as failing to demonstrate a nexus between the 1995 attack and a protected ground — even though Grigoryan made no claim that the documents were submitted for that purpose. The BIA did not apply this evidence to Grigoryan's well-founded fear claim and, under *INS v. Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam), we are prohibited from doing so in the first instance. It follows that we are unable to assess whether Grigoryan demonstrated plausible grounds for relief on this claim, and must remand. *See Ray*, 439 F.3d at 587; *Maravilla Maravilla*, 381 F.3d at 858.

## CONCLUSION

In sum, a petitioner who claims ineffective assistance of counsel must satisfy the procedural requirements, must demonstrate that counsel failed to perform with sufficient competence, and must establish that she was prejudiced by her counsel's inadequate performance by showing that it may have affected the outcome of the proceeding. *See, e.g., Mohammed*, 400 F.3d at 793-94. When the petitioner has been entirely deprived of meaningful review, she is entitled to a

presumption of prejudice. *See, e.g., Dearinger*, 232 F.3d at 1043, 1046. This presumption may arise from counsel's failure to file a timely notice of appeal or petition for review, his failure to file a brief to the BIA or this court, or his filing of a boilerplate brief. *See Ray*, 439 F.3d at 586-89; *Siong*, 376 F.3d at 1038; *Rojas-Garcia*, 339 F.3d at 826; *Dearinger*, 232 F.3d at 1043, 1046. The presumption may be rebutted. *See, e.g., Rojas-Garcia*, 339 F.3d at 826. In addition, petitioner must demonstrate plausible grounds for relief on her underlying claim. *See, e.g., Ray*, 439 F.3d at 587.

In the instant petition, the record demonstrates that former counsel filed a boilerplate brief to the BIA that resulted in Grigoryan not receiving meaningful review. The BIA abused its discretion when it failed to presume prejudice and instead required Grigoryan to demonstrate that she suffered prejudice.

As to Grigoryan's past persecution claim, whether or not prejudice is presumed, she failed to show plausible grounds for relief. Despite the opportunity to file new evidence, she made no showing that the 1995 attack was on account of a protected ground. We therefore conclude that the BIA did not abuse its discretion, and deny in part the petition for review. However, as to Grigoryan's fear of future persecution claim, the BIA abused its discretion when it failed to consider the claim, failed to presume prejudice, and failed to determine whether she established plausible grounds for relief. We therefore grant in part the petition for review and remand so that the BIA may make this determination in the first instance. *See Ventura*, 537 U.S. at 16-17.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**