**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SVETLANA GRIGORYAN,

*Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney General,

*Respondent.*

No. 05-77020

Agency No.
A75-706-989

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2007*

Filed February 5, 2008

Before: Harry Pregerson, Stephen Reinhardt, and
A. Wallace Tashima, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Artem M. Sarian, Esq., Glendale, California, for the petitioner.

Peter D. Keisler, Esq., Linda S. Wernery, Esq., Daniel G. Lonegran, Esq., Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

---

## ORDER

The opinion filed November 19, 2007, and appearing at 507 F.3d 1206 (9th Cir. 2007), is withdrawn. Pursuant to General Order 5.3.a, an opinion is filed contemporaneously with this order. With the withdrawal and substitution of the opinion, petitions for rehearing and rehearing en banc may be filed. Federal Rule of Appellate Procedure 40 now controls.

---

## OPINION

PER CURIAM:

Svetlana Grigoryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings on the ground of ineffective assistance of counsel. Grigoryan previously applied for asylum, which the agency denied for failure to demonstrate a nexus to a protected ground, and this court denied her petition for review. Represented by new counsel, she moved to reopen. The BIA denied and Grigoryan now petitions for review.

We have jurisdiction to review the BIA's final order, 8 U.S.C. § 1252(a), and we review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). The BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to law." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000). We review de novo claims of due process violations arising from ineffective assis-

tance of counsel. *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002).

We grant the petition for review, and remand with instructions for the BIA to grant the motion to reopen and to consider the merits of Grigoryan's claims to relief.

## FACTS AND PROCEDURAL HISTORY

Grigoryan was born in Armenia of mixed ethnicity. Her father was Armenian and her mother was Turkish. She entered the United States in 1999 and applied for asylum. She was represented by attorney Walter Burrier. The immigration judge ("IJ") assumed that Grigoryan was credible, but found that she did not establish that she was persecuted on account of a protected ground. Grigoryan claimed that she was persecuted and that she had a well-founded fear on account of her ethnicity.

In her asylum affidavit Grigoryan declared that she and her parents were constantly harassed by Armenians because her mother was Turkish. After her father's death, she and her mother and brother moved to Azerbaijan to live near her mother's relatives. In 1988, the war erupted in Azerbaijan and, because she was Armenian, she was harassed, beaten, and jailed. She and her husband and children fled to Russia. In 1992, they returned to Armenia and struggled to survive because of the hostility Armenians held against them because they were from Azerbaijan.

In 1994, Grigoryan became president of an Armenian aid organization that assisted soldiers wounded in the war between Armenia and Azerbaijan. Grigoryan testified that there was personal animus between her and another woman who wanted to be president of the organization, and that this rival provoked others to attack her by telling them that she was part Turkish and, therefore, did not properly care for the wounded Armenian soldiers. She testified that, on January 15,

1995, the parents of some soldiers attacked and severely injured her, and then attacked and killed her thirteen-year-old son. Grigoryan corroborated her testimony with medical records.

Grigoryan's former attorney filed a boilerplate brief with the BIA. Significant portions of the brief were irrelevant to her case, such as a discussion of adverse credibility findings. The brief conceded that her testimony did not qualify her for asylum, but asserted that the facts she set forth in her asylum application did. However, the brief failed to state these facts and merely incorporated by reference her asylum application. The brief was almost devoid of specific references to Grigoryan's case.

The BIA summarily affirmed and, ostensibly pro se, Grigoryan petitioned this court for review. A previous screening panel of this court concluded that substantial evidence supported the agency's finding that Grigoryan did not establish a nexus between the attack and a protected ground. *See Grigoryan v. Ashcroft*, 119 Fed. Appx. 163 (9th Cir. Jan. 12, 2005).

Almost two years after the BIA's final decision, Grigoryan filed a motion to reopen and remand on grounds of ineffective assistance of counsel. Grigoryan argued that she learned of the ineffective assistance on May 20, 2005, when she met with new counsel, and that equitable tolling applied. She argued before the BIA that her former attorney failed to elicit relevant facts, failed to meet with her, failed to submit appropriate background information, failed to amend her affidavit, failed to provide the IJ and opposing counsel with original documents in a timely fashion, did not tell her to look for documents, and was late for a court appearance.

Grigoryan also argued that Burrier failed to file a meaningful brief in support of her appeal to the BIA, and offered to assist her to petition for review even though he was not admit-

ted to practice before this court. She stated that Burrier did not advise her that he was ineligible to practice before the court and had been sanctioned by it, and advised her to consult with a disbarred attorney, Walter Wenko, who would write her brief for her. Grigoryan attached several documents to the motion, including but not limited to her affidavit attesting to the claims regarding Burrier, and a finding by counsel for the State of Connecticut that there was probable cause to find that Burrier engaged in misconduct and/or unethical conduct in Grigoryan's case.

Grigoryan also attached a proposed brief to the BIA, together with a motion to admit additional documents and to remand, requesting the BIA to consider this brief in place of the deficient brief submitted by Burrier. The new brief argued that Grigoryan's asylum application, her credible testimony, and corroborating evidence established that there was in fact a nexus because the female rival, though motivated herself by personal jealousy, spread a rumor causing others who were motivated by anti-Turkish and anti-Azeri animus to attack Grigoryan and her family, killing her son. Grigoryan therefore argued that she was eligible for asylum because she had shown past persecution. She also argued that because she established past persecution she was entitled to a presumption of a well-founded fear and that the attached evidence demonstrated that her fear had an objective basis. The attached evidence included a United Nations report stating that Armenian-Azeri couples are at risk of persecution in Armenia. Grigoryan also submitted media reports about violent incidents and tension between Armenians and Azeris and/or Turks.

The BIA denied reopening. It found that Grigoryan's motion complied with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), but was untimely because it was filed more than 90 days after the BIA's summary affirmance. It declined to consider whether the deadline should be equitably tolled, concluding instead that, "assuming ineffective assistance of counsel, the respondent has not dem-

onstrated that she suffered prejudice as a result of her attorney's ineffectiveness." The BIA noted that the IJ, the BIA, and this court concluded that Grigoryan did not establish that the 1995 attack was on account of a protected ground, and determined that the evidence she submitted with her motion "does mention problems in Armenia for persons of Azeri ethnic background, but that general information does not address the fact that the respondent has not shown that she was attacked because of her Azeri ethnicity."

Grigoryan timely petitioned for review. She contends that the time limit for her motion to reopen was equitably tolled as a result of ineffective assistance at the hearing, in her agency appeal, and in her first petition for review, and that she was prejudiced as a result. She further contends that she was entitled to a presumption of prejudice because she was effectively denied the opportunity to present her case.

## INEFFECTIVE ASSISTANCE OF COUNSEL

### A.

[1] A petitioner who raises an ineffective assistance of counsel claim must satisfy several procedural requirements, must demonstrate that counsel failed to perform with sufficient competence, and must establish "that she was prejudiced by counsel's performance." *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). In the context of an ineffective assistance claim, "prejudice results when 'the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.' " *Id.* at 793-94, citing *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999); *accord Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam).[1]

---

[1]This showing is different from that required in a motion to reopen on grounds other than ineffective assistance, where the movant must show prima facie eligibility for the underlying substantive relief requested. *See,*

**[2]** We have recognized limited exceptions to the general requirement of a showing of prejudice. For instance, a showing of prejudice is not required when a claim of ineffective assistance of counsel is the basis for a motion to reopen proceedings in which the agency issued an *in absentia* removal order. *See, e.g., Lo v. Ashcroft*, 341 F.3d 934, 939 n.6 (9th Cir. 2003).

**[3]** Also, when a petitioner is entirely deprived of an appellate procedure due to ineffective assistance of counsel, prejudice is presumed. *See Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000). In *Dearinger*, counsel failed to file a timely petition for review and we held that "where an alien is prevented from filing an appeal in an immigration proceeding due to counsel's error, the error deprives the alien of the appellate proceeding entirely." *Id*. Finding that the petitioner would have appealed but for the attorney's error, we held that prejudice could be presumed and affirmed the district court's order granting her habeas corpus petition and directing the government to reissue the order of deportation so that she had a new period within which to obtain review by this court. *See id*. at 1043, 1046. In *Ray v. Gonzales*, 439 F.3d 582 (9th Cir. 2006), we similarly held that because petitioner's second attorney failed to file a timely motion to reconsider or reopen and his third attorney "provided no substantive legal assistance whatsoever[,]" *id*. at 584, 588, Ray was "prevented . . . from presenting his case *at all*." *Id*. at 588 (emphasis in original). Because Ray would have appealed but for the errors of his attorneys, he was entitled to a presumption of prejudice. *See id*. at 589. *See also Siong v. INS*, 376 F.3d 1030, 1038 (9th Cir. 2004) (applying presump-

*e.g., INS v. Wang*, 450 U.S. 139, 145 (1981) (per curiam). A prima facie case is shown when the evidence reveals a reasonable likelihood that the statutory requirements for the underlying substantive relief have been satisfied. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003); *see also Maravilla Maravilla*, 381 F.3d at 858.

tion of prejudice standard where petitioner's first attorney filed an untimely notice of appeal).

In the present case, Grigoryan's new attorney moved to reopen on grounds of ineffective assistance by former counsel, arguing that she was denied meaningful review and was entitled to a presumption of prejudice. We agree.

**[4]** The Grievance Counsel for the State of Connecticut found "that there is probable cause that [Burrier] engaged in misconduct and/or unethical conduct" in his representation of Grigoryan before the agency and before this court. Burrier filed a boilerplate brief before the BIA. Only a few lines were specific to Grigoryan's case. Several of its ten pages were devoted to a discussion of adverse credibility findings, but in this case the IJ did not make an adverse credibility finding. The brief immediately conceded that Grigoryan's testimony did not qualify her for asylum: "The case is strange because the appellant . . . testified to lots of heart rendering [sic] stuff but nothing that would qualify for asylum." Administrative Record at 164. Instead, Burrier stated that Grigoryan's asylum application showed her eligibility for asylum. However, rather than state these facts, the brief merely incorporated the application by reference, leaving it to the BIA to ferret out the purportedly critical information. Further, Grigoryan's asylum application was poorly drafted and prepared without the assistance of counsel.

**[5]** Not only was Grigoryan prevented from reasonably presenting her case, *see Lin v. Ashcroft*, 377 F.3d 1014, 1024-27 (9th Cir. 2004), but she was deprived of meaningful appellate review, *see Dearinger*, 232 F.3d at 1045. As a result, she was entitled to a presumption of prejudice. *See Ray*, 439 F.3d at 586-89*; Siong*, 376 F.3d at 1038; *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003); *Dearinger*, 232 F.3d at 1043.

**B.**

**[6]** Where, as here, a petitioner claiming ineffective assistance is entitled to a presumption of prejudice, that presumption may be rebutted by the government. *Siong*, 376 F.3d at 1037. *See, e.g.*, *Rojas-Garcia*, 339 F.3d at 826, 828 (applying presumption of prejudice standard where counsel failed to file an appeal brief, but denying petition for review because presumption was rebutted). "However, [the presumption of prejudice] is not rebutted if the alien is able to show 'plausible grounds for relief' " on the underlying claim. *Id.* (internal citation omitted). *See also Ray*, 439 F.3d at 587. In determining whether a petitioner has demonstrated plausible grounds for relief, we do not ask whether a petitioner had any arguments or evidence that would undermine the agency's determination. No such evidence is required when a petitioner is entitled to a presumption of prejudice. Rather, we look to whether "the [IJ or BIA] could plausibly have held that [the petitioner] was [eligible for relief] based on the record before it." *Id.* at 589 (holding that petitioner demonstrated plausible grounds for relief where he testified to persecution on account of a protected ground but was denied relief because the IJ found his testimony incredible). We find that Grigoryan has easily met this standard.

**[7]** In her asylum application, Grigoryan described severe persecution on account of her ethnicity. She explained that during her work with an Armenian aid organization that helped soldiers who had been wounded in the war with Azerbaijan, "parents of deceased [sic] soldiers . . . were bothering me bty [sic] saing [sic] that Iw [sic] was a Turkish. And I wasen't [sic] protecting their children on purpose." Grigoryan stated that in January 1995 these parents found her three children, who were in hiding, and tortured and killed her son and threatened the other two children. On the same day, Grigoryan herself was physically attacked to the point that she was hospitalized, and the parents who attacked her told her that

"[her] mom was Turkish and [she] couldnt [sic] be the leader of that group."

**[8]** Grigroyan's testimony in her immigration hearing likewise recounts past persecution on account of ethnicity. During her hearing, Grigoryan described the beating and death of her son in January 1995. In response to the IJ's question of why her son was beaten, the transcript reads: "At that, over there, there was a woman who didn't like me who had conned some, some of the parents. Those parents was children were had died telling them that it's, it was my fault because my mother was a *cook*." (emphasis added). The record is replete with transcription errors and Grigoryan persuasively argues that this was such an error. *See, e.g.*, *Siong*, 376 F.3d at 1038-39 (finding that petitioner's "alleged translation errors . . . may establish a plausible ground for relief"). There is no evidence in the record to suggest that Grigoryan's mother was a cook or that anyone, let alone the mob that assaulted her family, disliked cooks. Rather, Grigoryan's asylum application, affidavit, and other portions of her testimony emphasize that her mother was a *Turk*, and that this was the reason that she and her family were so brutally attacked.

**[9]** Both Grigoryan's asylum application and her credible testimony demonstrate a plausible ground for relief under our asylum laws. *See* 8 C.F.R. § 208.13(b)(1) ("An applicant shall be found to be a refugee on the basis of past persecution if the applicant can establish that . . . she has suffered persecution in the past in the applicant's country of nationality . . . on account of race, religion, nationality, membership in particular social group, or political opinion . . . .").[2] Moreover, a peti-

---

[2]Our prior disposition in this matter, holding that substantial evidence supported the agency's determination that Grigoryan had not established that her past persecution was on account of a protected ground, does not preclude this result. *Grigoryan*, 119 Fed. Appx. at 163. In that case, we were reviewing the BIA's denial of Grigoryan's claims to asylum, withholding of removal, and relief under the Convention Against Torture

tioner who demonstrates past persecution is entitled to a presumption of a well-founded fear of future persecution. *See id.* ("An applicant who has been found to have established . . . past persecution shall also be presumed to have a well-founded fear of persecution on the basis of the original claim."). Accordingly, Grigoryan's asylum application and testimony provide a "plausible grounds for relief on [her] underlying claim" of eligibility for asylum on the basis of past persecution and a well-founded fear of future persecution. Ray, 439 F.3d at 587

## CONCLUSION

[10] In sum, a petitioner who claims ineffective assistance of counsel must satisfy the procedural requirements, must demonstrate that counsel failed to perform with sufficient competence, and must establish that she was prejudiced by her counsel's inadequate performance by showing that it may have affected the outcome of the proceeding. *See, e.g., Mohammed*, 400 F.3d at 793-94. When the petitioner has been entirely deprived of meaningful review, she is entitled to a presumption of prejudice. *See, e.g., Dearinger*, 232 F.3d at 1043, 1046. This presumption may arise from counsel's failure to file a timely notice of appeal or petition for review, his failure to file a brief to the BIA or this court, or his filing of a boilerplate brief. *See Ray*, 439 F.3d at 586-89*; Siong*, 376

---

under the substantial evidence standard. *Id.* Under that more stringent standard, we were required to determine whether the record "*compel*[led] a contrary result." *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). Here, because Grigoryan is entitled to a presumption of prejudice, we review the record under a far more permissive standard. Under this standard, Grigoryan need only show that "the BIA could have plausibly determined that [she] was eligible for relief," *Siong*, 376 F.3d at 1038, not that she would "win or lose on any claim." *Lin*, 377 F.3d at 1027. Moreover, in Grigoryan's prior appeal, we were not advised of the serious transcription errors, including at least one such error, the discrepancy between "cook" and "Turk," that goes to the heart of the question whether her persecution was on account of a protected ground.

F.3d at 1038; *Rojas-Garcia*, 339 F.3d at 826; *Dearinger*, 232 F.3d at 1043, 1046. Although this presumption may be rebutted, it is not rebutted if a petitioner demonstrates a plausible grounds for relief on her underlying claim. *Siong*, 376 F.3d at 1037.

**[11]** In the present case, the record demonstrates that former counsel filed a boilerplate brief to the BIA that resulted in Grigoryan not receiving meaningful review. The BIA abused its discretion when it failed to presume prejudice from former counsel's actions and instead required Grigoryan to demonstrate that she suffered prejudice. Because Grigoryan has established plausible grounds for relief, her presumption of prejudice is not rebutted. The BIA therefore abused its discretion in denying her motion to reopen on the basis of ineffective assistance of counsel. We grant the petition for review and remand to the BIA with instructions to grant the motion to reopen and consider the merits of Grigoryan's claims for relief. *See, e.g.*, *Siong*, 376 F.3d at 1042.

**GRANTED and REMANDED.**