**Rrafman KOCI, Petitioner,**

v.

**Michael MUKASEY,\* Respondent.**

Nos. 04–71718, 04–75386.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed March 19, 2008.

James C. Angleton, Law Offices of James C. Angleton, for Petitioner.

John W. Blakeley, Thankful T. Vanderstar, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Michael Jack Haney, Federal Deposit Insurance Corporation, Ronald E. Lefevre, Office of the District Counsel, San Francisco, CA, for Respondent.

\* Michael Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Before: PAEZ and RAWLINSON, Circuit Judges, and CONLON,** District Judge.

MEMORANDUM ***

Rrafman Koci, a native and citizen of Albania, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT") (No. 04–71718), and the BIA's order denying his motion to reopen based on ineffective assistance of counsel (No. 04–73586). This court has jurisdiction to review final BIA orders. 8 U.S.C. § 1252(a).

■ In his direct appeal, Koci challenges the IJ's adverse credibility determination, which must be supported by substantial evidence on review. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). The record fully supports the IJ's reasons for finding Koci incredible. Koci initially claimed his wife and child still resided in Albania, where his wife was in hiding in fear for her life; he later admitted his family resided with him in the United States. The initial lie was clearly intended to buttress his asylum claim. He denied several times under oath that he was related to his only witness. After consulting with counsel during a recess, Koci then admitted the witness was his brother-in-law. In addition, he produced a certificate of questionable authenticity to support his claim he served as a judge in Albania, advanced as one of the reasons he was persecuted. The questionable document and untruthful testimony substantially supports the BIA's adverse credibility determination. *Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir.2005).

■ The BIA also correctly concluded the IJ's denial of relief under the CAT was based on a consideration of all evidence submitted in Koci's application for relief. The IJ cited but did not specifically discuss all documentary evidence, including the State Department's country report for Albania. This was minimally sufficient under the circumstances. *See Almaghzar v. Gonzales,* 457 F.3d 915, 922–23 (9th Cir. 2006) (denial of CAT relief upheld where IJ generally stated he considered all evidence, petitioner's testimony was discredited, and country report of torture in Albania did not compel conclusion petitioner would be tortured).

■ In his motion to reopen, Koci asserted his previous counsel was ineffective for failure to file a brief or raise a due process claim because his hearing transcript was incomplete. The denial of a motion to reopen is reversed only if it is "arbitrary, irrational, or contrary to law." *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002). The BIA's denial of Koci's motion to reopen was a rational exercise of discretion. The record here stands in contrast with that in *Grigoryan v. Mukasey,* 515 F.3d 999 (9th Cir.2008), where counsel's failure to file an adequate appellate brief was deemed presumptively prejudicial. Even though Koci's attorney failed to file an appellate brief, the record does not support a presumption of prejudice because the BIA addressed Koci's direct appeal on the merits, and considered all arguments raised in his notice of appeal. *Cf. Grigoryan,* 515 F.3d at 1002–03 (noting a summary affirmance by the BIA.) Koci has

---

** The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not identified any argument or issue that was foreclosed by counsel's failure to file a brief or by the unavailability of a complete transcript.

**THE PETITIONS IN NOS. 04–71718 AND 04–75386 ARE DENIED.**

PAEZ, J., concurring in part [1] and dissenting in part:

Binding precedent requires that Koci's petition for review of the BIA's order denying his motion to reopen (No. 04–73586) be granted. *See Grigoryan v. Mukasey*, 515 F.3d 999 (9th Cir.2008) (per curiam). Because *Grigoryan* compels a holding that the BIA abused its discretion by failing to presume prejudice from the ineffective assistance of Koci's former counsel, I must respectfully dissent.[2]

An alien claiming ineffective assistance of counsel in removal proceedings must normally establish prejudice by showing that "counsel's performance was so inadequate that it may have affected the outcome of the proceedings." *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir.2004) (per curiam). However, in cases where counsel's error is so fundamental as to "entirely deprive[ the alien] of meaningful review, she is entitled to a presumption of prejudice." *Grigoryan*, 515 F.3d at 1006. Although the Government may rebut this presumption, "it is not rebutted if a petitioner demonstrates a plausible ground[ ] for relief on her underlying claim." *Id.*; *accord Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir.2006). In *Grigoryan*, we clarified that the presumption of prejudice "may arise from counsel's failure to file a timely notice of appeal or petition for review, *his failure to file a brief to the BIA* or this court, or his filing of a boilerplate brief." 515 F.3d at 1006 (emphasis added).[3]

Here, it is undisputed that Koci's prior counsel "fail[ed] to file a brief to the BIA." Moreover, it is clear that the BIA did not presume prejudice, but rather denied Koci's ineffective-assistance-of-counsel claim because Koci "failed to demonstrate that his prior counsel's failure to file an appellate brief … prejudiced him." This was error and an abuse of the BIA's discretion. *See Grigoryan*, 515 F.3d at 1006 ("The BIA abused its discretion when it failed to presume prejudice from former counsel's actions and instead required Grigoryan to demonstrate that she suffered prejudice."). Under these circumstances, where the BIA has applied an erroneous legal standard, we may proceed in the following manner: (1) if it is clear from the record whether or not the petitioner is entitled to relief, we may apply the proper prejudice standard and either remand to the BIA with instructions to grant the motion to reopen, *see id.* ("Because Grigoryan has established plausible grounds for relief, her presumption of prejudice is not rebutted."), or deny the petition on the grounds that the petitioner has presented no plausible grounds for relief; (2) if it is not clear whether the petitioner is entitled to relief under the proper prejudice standard, we must remand to the BIA for application of the proper standard in the

---

1. I concur in the majority's denial of petition No. 04–71718.

2. In a Rule 28(j) letter dated December 17, 2007, Koci requested relief under an earlier version of *Grigoryan* which was published on November 19, 2007. That version of *Grigoryan* was withdrawn and superseded by the February 5, 2008 opinion, but the minor revisions are immaterial for purposes of this case.

3. The facts in *Grigoryan* involved the filing of a "boilerplate brief … almost devoid of specific references to Grigoryan's case." 515 F.3d at 1002. However, even if *Grigoryan*'s reference to "failure to file a brief to the BIA" is technically dicta, it is clear that *Grigoryan* must control the instant case. If the presumption of prejudice is applied where counsel filed a boilerplate brief, *a fortiori* it must be applied where counsel filed no brief at all.

first instance. *Cf. INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

While failing to acknowledge the BIA's legal error in applying the wrong prejudice standard, the majority cites *Grigoryan* without persuasively distinguishing it. The court notes that the BIA "addressed Koci's direct appeal on the merits," but, in *Grigoryan,* prejudice was presumed notwithstanding the fact that the BIA denied the appeal on the merits. *See Grigoryan,* 515 F.3d at 1002. In fact, regardless of whether the issues summarily raised in Koci's notice of appeal were addressed "on the merits" in the BIA's one-paragraph order denying relief, *Grigoryan* compels the conclusion that Koci was "deprived of meaningful appellate review" by his counsel's failure to file a brief arguing those issues. *Id.* at 1004. As a result, Koci is entitled to a presumption of prejudice which "is not rebutted if [he] demonstrates a plausible grounds for relief on h[is] underlying claim." *Id.* at 1006.

In light of the record, I would hold that Koci did not "demonstrate[ ] plausible grounds for relief" on his claims for asylum or withholding of removal under the INA, but did demonstrate plausible grounds for relief on his CAT claim. Accordingly, I would remand to the BIA with instructions to grant Koci's motion to reopen in part and to address his CAT claim on the merits. *See id.*

Because I conclude that the result reached by the majority in this case cannot be reconciled with *Grigoryan,* I respectfully dissent.