**Michael Ade AJIBOYE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77123.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 30, 2008.

Michael Ade Ajiboye, pro se.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, William C. Erb, Jr., Oil, Terri Jane Scadron, U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Michael Ade Ajiboye, a native and citizen of Nigeria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review denials of a motion to reopen for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We grant the petition for review and remand to the BIA for further proceedings.

The BIA abused its discretion in denying Ajiboye's motion to reopen where its findings demonstrate that it failed to consider all the attached evidence. *See Mohammed v. Gonzales*, 400 F.3d 785, 792 (9th Cir.2005) (BIA abused its discretion in denying motion by "failing to consider all the attached evidence").

The BIA found that Ajiboye did not establish changed circumstances in Nigeria that would "direct[ly] impact" him, but he submitted evidence that his brother and father were tortured and killed for their religious conversion, which has direct bearing on his claim of fear of harm due to his own conversion. *See Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir.2004) (BIA abused its discretion in dismissing the new evidence, which included evidence of harm to the petitioner's family in Egypt, as a continuance of the previous circumstances).

The BIA further abused its discretion in finding that Ajiboye "did not provide any evidence to support" his ineffective assistance of counsel claim, where he submitted evidence that prior counsel failed to timely file an application for former section 212(c) relief, was not prepared to proceed on Ajiboye's CAT claim before the immigration judge, and failed to file a brief before the BIA. *See Mohammed*, 400 F.3d at 792; *Grigoryan v. Mukasey*, 515 F.3d 999, 1003–1004 (9th Cir.2008) (applying presumption of prejudice where counsel filed boilerplate brief with BIA, depriving petitioner of meaningful appellate review).

The respondent's motion to strike evidence outside the administrative record submitted by Ajiboye to this court is granted. 8 U.S.C. § 1252(b)(4)(A); *see Yeghiazaryan v. Gonzales*, 439 F.3d 994, 997 n. 3 (9th Cir.2006).

In light of our disposition, we need not reach Ajiboye's additional contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.