Javier Blancas ESQUIVEL, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–73245.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 28, 2007.[*]

Filed May 8, 2008.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Alarice M. Medrano, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Javier Blancas Esquivel (Blancas Esquivel), a native and citizen of Mexico, petitions for review of the decision by the Board of Immigration Appeals (BIA), following remand by this court. *See Esquivel v. Gonzales,* 130 Fed.Appx. 928 (9th Cir.2005). The BIA rejected Blancas Esquivel's claim for equitable tolling of the ninety-day limitations period for filing his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA did not act without authority, or ultra vires, in reaching all the issues related to Blancas Esquivel's claim that the limitations period should be equitably tolled because his three former attorneys had provided ineffective assistance. *See Yakama Indian Nation v. State of Wash. Dept. of Revenue,* 176 F.3d 1241, 1246 (9th Cir.1999) ("A state officer acts *ultra vires* only when he acts without any authority whatever.") (quotations omitted).

We review the denial of Blancas Esquivel's motion to reopen for an abuse of discretion, and review de novo the claim of ineffective assistance of counsel. *See Grigoryan v. Mukasey,* 515 F.3d 999, 1001 (9th Cir.2008) (per curiam). Blancas Esquivel has not shown that the actions of any of his attorneys prejudiced him. *See id.* at 1003 (petitioner must demonstrate that inadequate performance affected the outcome of the proceedings). His withdrawal of his application for asylum and withholding on advice of his first counsel did not prejudice him, as he stated only economic reasons for coming to the United

States without arguing that he belonged to any protected category. *See* 8 U.S.C. § 1101(a)(42)(A); *Zehatye v. Gonzales,* 453 F.3d 1182, 1186 (9th Cir.2006) (mere economic disadvantage alone does not rise to the level of persecution). The failure of Blancas Esquivel's various counsel to raise earlier his claim for cancellation of removal did not prejudice him, as his only basis for such a claim was his 2003 marriage to a legal permanent resident, and he failed to present any evidence that the marriage was bona fide. *See Malhi v. INS,* 336 F.3d 989, 994 (9th Cir.2003) (clear and convincing evidence required); 8 C.F.R. § 204.2(a)(1)(iii)(B)(1)–(6) (listing categories of acceptable evidence). The BIA did not abuse its discretion in refusing to apply equitable tolling and therefore reopen Blancas Esquivel's appeal.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.