Hennadiy Leonidovich HUSYEV;
Tetyana Hryhorivna Husyeva,
Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–71826.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed June 16, 2008.

Stacy Tolchin, Van Der Hout, Brigagliano & Nightingale, LLP, Los Angeles, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Mary Jane Candaux, Esq., Arthur L. Rabin, Esq., Stephen J. Flynn, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, CANBY, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Hennadiy Leonidovich Husyev ("Husyev") and his wife Tetyana Hryhorivna Husyeva ("Husyeva"), both ethnic Russians and citizens of Ukraine, petition for review of a decision of the Board of Immigration Appeals ("BIA") denying their mo-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion to reopen proceedings for asylum, withholding of removal and relief under the Convention Against Torture.[1] In their motion, the Husyevs contended that their prior counsel provided ineffective assistance in the proceedings before the Immigration Judge ("IJ"). In the alternative, they claim that changed circumstances in Ukraine warrant reopening of the proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the Husyevs' petition.

We review for an abuse of discretion the BIA's denial of a motion to reopen. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). Underlying questions of law, including claims of due process violations such as ineffective assistance of counsel, are reviewed de novo. *Id.* We review factual findings by the BIA for substantial evidence. *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir.2004).

"To show a deprivation of due process caused by ineffective assistance of counsel, the alien must show that counsel's ineffective performance ... may have affected the outcome of the proceedings." *Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir.2003) (citing *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999)). The various claims of the Husyevs fail to meet this standard.

■ First, the Husyevs have not shown ineffective assistance on the ground that former counsel did not instruct them to identify potential corroborating testimony with respect to Boris Kaplan's alleged fraud. The Husyevs disregarded former counsel's numerous inquiries regarding the nature and extent of their relationship with Kaplan and did not to provide even

the most basic facts relevant to this issue until the eve of their hearing. Thus, former counsel's performance was not constitutionally deficient. Moreover, in their affidavits, none of the third-party declarants have stated that they ever personally met either Kaplan or any other person who actually used Kaplan's services. On the weight of this record, there is no likelihood that these inherently unreliable declarations "may have affected the outcome of the proceedings." *Id.*

■ Second, the Husyevs have not established ineffective assistance on the ground that former counsel did not adequately investigate and document the persecution suffered by ethnic Russians in Ukraine. There was evidence of country conditions in the record. The new evidence submitted by the Husyevs is only tangentially germane to the harassment of ethnic Russians and, in fact, focuses primarily on episodes of anti-Semitism. We cannot conclude that former counsel's failure to introduce these or any other similar documents "may have affected the outcome of the proceedings." *Id.* The Husyevs accordingly have not made the required showing of prejudice. *See id.*

■ Third, the Husyevs claim that former counsel was ineffective because he had been told of Husyev's history of political activism and yet did not advise them to provide corroborating testimony if at all possible. They argue that former counsel should have known that such third-party testimony was crucial, especially since Husyev's political activism of the early 1990s had not been raised in the initial application and interview. The Husyevs' affida-

---

1. The Husyevs have also petitioned for review of the BIA's decision dismissing their direct appeal from the IJ's denial of their applications for asylum, withholding of removal and relief under the Convention Against Torture.

We address the claims advanced by the Husyevs on direct appeal in a separate published opinion filed contemporaneously with this memorandum disposition.

vits describing their communication with former counsel on this issue, however, contradict each other, and are also inconsistent with at least one affidavit previously submitted by Husyev. Because the Husyevs' affidavits are therefore "inherently unbelievable," the BIA did not abuse its discretion in denying the motion to reopen on this ground. *See Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir.2002) (holding that, in considering motion to reopen, "the Board must accept the facts in an alien's affidavit as true unless inherently unbelievable").

Fourth, the Husyevs claim that former counsel was ineffective because he refused to call Husyeva as a witness even though she wanted to testify. (Counsel asserted that she refused to testify.) The transcript of those proceedings, however, belies the Husyevs' version of the events. Husyeva was listed in the pre-hearing submission of anticipated witnesses. As late as May 17, 2004, at the close of his direct examination of Husyev, former counsel made statements that are incompatible with his supposed opposition to calling Husyeva as a witness; in fact, it is plain from his words that he planned to call her. We therefore conclude that, in this respect, Husyeva's affidavit is "inherently unbelievable." *Id.*

Fifth, the Husyevs contend that former counsel was ineffective because he did not file an independent petition on behalf of Husyeva for withholding of removal and relief under the Convention Against Torture.[2] Although former counsel's performance was constitutionally deficient in this respect and Husyeva is entitled to a presumption of prejudice, *see Grigoryan v. Mukasey*, 515 F.3d 999, 1003–05 (9th Cir.2008), the BIA did not abuse its discretion in denying the motion because Husyeva alleges mistreatment, which, even if credited, is not sufficiently severe to establish "plausible grounds for relief[.]" *Id.* at 1004 (internal quotations marks and citation omitted).

Finally, the BIA did not abuse its discretion in concluding that recent changes in Ukraine do not warrant reopening of the case. The only evidence of changed country conditions submitted by the Husyevs is an expert report by Dr. Jeffrey Burds, which is almost exclusively devoted to the analysis of long-term social and political trends in Ukraine. Its only mention of recent developments—i.e., the conclusionary statement that the presidential election of 2004 "pitted ethnic Russians against ethnic Ukrainians in a bitter and violent struggle for state power in Ukraine" which "heightened the atmosphere of persecution of ethnic minorities"—does not warrant reopening of the proceedings. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

**PETITION FOR REVIEW DENIED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

---

2. Husyev's application for asylum listed Husyeva as a derivative applicant. While 8 C.F.R. § 207.7 grants derivative relief to some immediate relatives of a refugee, no regulation does the same for family members of an alien who is granted withholding of removal.