**Svetlana GRIGORYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77020.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 12, 2008.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Artem M. Sarian, for Petitioner.

Bryan S. Beier, Washington, DC, Ronald E. Lefevre, Los Angeles, CA, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Svetlana Grigoryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings on the ground of ineffective assistance of counsel. The BIA concluded that even assuming that Grigoryan's counsel was ineffective, she failed to demonstrate that she suffered prejudice as a result of that ineffectiveness.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we grant the petition for review.

In order to establish prejudice, a petitioner must generally demonstrate that " 'the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.' " *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir.2005) (citing *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999)).[2] That standard is plainly met here. Grigoryan's former counsel filed a boilerplate brief to the BIA. The brief included a discussion of adverse credibility findings (despite the fact that no such finding had been made) and was al-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The agency previously denied Grigoryan's asylum claim for failure to demonstrate a nexus to a protected ground, and a panel of this court concluded that substantial evidence supported that determination. *See Grigoryan v. Ashcroft*, 119 Fed.Appx. 163 (9th Cir.2005).

2. We have held that in cases where counsel's ineffective assistance deprives an alien of meaningful appellate review, the alien is entitled to a presumption of prejudice. *See Ray v. Gonzales*, 439 F.3d 582, 588–89 (9th Cir. 2006); *Dearinger ex. rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir.2000). We have applied this rule in cases where counsel failed

timely to file a notice of appeal or to submit an appellate brief altogether. *See, e.g., Siong v. INS*, 376 F.3d 1030, 1038 (9th Cir.2004) (applying presumption of prejudice standard where counsel filed an untimely notice of appeal); *Singh v. Ashcroft*, 367 F.3d 1182, 1189 (9th Cir.2004) (applying presumption of prejudice standard where counsel failed to file a brief). Although we believe that the presumption of prejudice rule may be applicable in cases, like the present one, where a boilerplate brief is filed or where a brief is filed that is so incompetent as to give away the petitioner's case, we need not decide the question because, as we explain *infra*, our traditional prejudice standard is satisfied here.

most devoid of specific references to Grigoryan's case. What little of the brief was specific to Grigoryan did her more harm than good. Counsel conceded in his brief that Grigoryan "testified to lots of heart rendering [sic] stuff but nothing that would qualify her for asylum."

The competent brief filed with Grigoryan's motion to reopen makes clear that the inadequacy of prior counsel's submission "may have affected the outcome of the proceedings." *Mohammed*, 400 F.3d at 793. In that brief, Grigoryan persuasively argues that she *did* testify to facts that would qualify her for asylum, including that she and her family were brutally attacked on account of her ethnicity. She also points out a transcription error that goes to the heart of her claim, namely that the transcript incorrectly states that she testified to being attacked because her mother was a "cook" rather than a "Turk." *See, e.g.*, *Perez–Lastor v. INS*, 208 F.3d 773, 778–783 (9th Cir.2000) (holding inadequate translation may have affected outcome of alien's immigration hearing). Had the BIA been informed of this transcription error, which made it appear that Grigoryan had not testified to persecution based on a protected ground when, in fact, she had so testified, the outcome of Grigoryan's proceedings may have been different.[3]

Because Grigoryan has demonstrated that her prior counsel's ineffective assistance may have affected the outcome of her proceedings, we grant her petition for review and remand to the BIA with instructions to grant the motion to reopen and consider the merits of Grigoryan's claims for relief. *See, e.g.*, *Siong*, 376 F.3d at 1042.

**GRANTED and REMANDED.**

---

**3.** Our prior disposition in this matter does not require a contrary result. *See Grigoryan*, 119 Fed.Appx. at 163. In that case, we were reviewing the BIA's denial of Grigoryan's claim under the substantial evidence standard, which required us to determine whether the record *"compel* [led] a contrary result." *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). The prejudice standard is far less stringent. We need only determine whether "an alien's rights are violated 'in such a way as to *affect potentially* the outcome of [the] deportation proceedings.'" *Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 383 (9th Cir. 2003) (en banc) (explaining that "we need not determine with certainty whether the outcome would have been different, but rather whether the violation potentially affected the outcome of the proceeding") (emphasis added) (internal citation omitted). Moreover, in Grigoryan's prior appeal which was ostensibly filed pro se, but which was actually prepared by a disbarred attorney whom her ineffective counsel (who was also ineligible to practice before this court) advised her to consult, we were not made aware of the serious errors contained in the hearing transcript, including at least one material error, discussed *supra*, that goes to the heart of the question whether her persecution was on account of a protected ground.