**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| KIRANPAL SINGH, | No. 11-71173 |
| Petitioner, | Agency No. A079-572-573 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2014[**]
San Francisco, California

Before: RAWLINSON and FRIEDLAND, Circuit Judges, and MARSHALL, Senior District Judge.[***]

Kiranpal Singh (Singh) petitions for review of the decision of the Board of

Immigration Appeals (BIA) denying his untimely motion to reopen due to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Consuelo B. Marshall, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

ineffective assistance of counsel. Singh specifically contends that the BIA abused its discretion when it failed to presume prejudice from his prior counsel's alleged ineffective assistance in filing a boilerplate brief with the BIA.

The BIA did not abuse its discretion when it failed to apply a presumption of prejudice. An alien is entitled to a rebuttable presumption of prejudice if his counsel's "incompetence prevents [him] from presenting his case altogether[.]" *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 835 (9th Cir. 2011). This court has not applied a presumption of prejudice when counsel filed a boilerplate brief.[1] Instead, a presumption has been applied when counsel did not timely file or failed entirely to file a document. *See, e.g.*, *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045-46 (9th Cir. 2000) (untimely petition for review); *Siong v. INS*, 376 F.3d 1030, 1037-38 (9th Cir. 2004) (untimely notice of appeal); *Singh v. Ashcroft*, 367 F.3d 1182, 1189 (9th Cir. 2004) (failure to file a brief). Counsel's error in these cases "mandate[d] a presumption of prejudice because the adversary process

---

[1] Petitioner cites *Grigoryan v. Mukasey*, 515 F.3d 999, 1006 (9th Cir. 2008) in which this court recognized that a presumption of prejudice may arise when counsel files a boilerplate brief. However, this opinion was later withdrawn and superseded by a memorandum disposition. *See Grigoryan v. Mukasey*, 527 F.3d 791 (9th Cir. 2008); *see also Grigoryan v. Mukasey*, 277 F. App'x 742 (9th Cir. 2008).

itself ha[d] been rendered presumptively unreliable. . . ." *Dearinger*, 232 F.3d at 1045 (citation and internal quotation marks omitted).

Singh's prior counsel timely filed a brief with the BIA that challenged, however summarily, the Immigration Judge's decision.  This brief did not prevent Singh from "presenting his case altogether," *Santiago-Rodriguez*, 657 F.3d at 835, so as to render the adversary process "presumptively unreliable," *Dearinger*, 232 F.3d at 1045.

**PETITION DENIED.**

3