**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RRAFMAN KOCI, | No. 19-72547 |
| Petitioner, | Agency No. A075-682-288 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 25, 2022[**]
Pasadena, California

Before:      TASHIMA, WARDLAW[***], and FRIEDLAND, Circuit Judges.

In 2008, we denied Rrafman Koci's petition for review of a Board of

Immigration Appeals ("BIA") order dismissing his appeal from an immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]      Judge Wardlaw was drawn to replace Judge Watford, who resigned his judgeship shortly after this case was submitted for decision.

judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. *Koci v. Mukasey*, 270 F. App'x 644 (9th Cir. 2008). In 2017, we denied Petitioner's third motion to reopen on the grounds that it was untimely and successive and that Petitioner failed to demonstrate a material change of conditions in Albania. *Koci v. Sessions*, 708 F. App'x 323, 324 (9th Cir. 2017); *see* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii) (allowing a party to file only one motion to reopen and requiring the motion to be filed "no later than 90 days after the date on which the final administrative decision was rendered," unless the motion is "based on changed circumstances arising in the country of nationality . . . , if such evidence is material and was not available and could not have been discovered or presented at the previous hearing").

Petitioner has now filed a motion to terminate removal proceedings or, alternatively, to reopen those proceedings, relying on new precedent, *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). The BIA, construing the motion as an untimely motion to reopen, found *Pereira* inapplicable and declined to exercise its discretion to *sua sponte* reopen proceedings.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020) (denial of motion to terminate); *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020) (denial of

2

motion to reopen).  Petitioner has failed to establish that the BIA abused its discretion.

We have limited jurisdiction to review the BIA's denial of a motion to reopen *sua sponte*, reviewing only to determine whether the BIA based its decision on legal or constitutional error.  *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020) ("BIA denials of sua sponte relief premised on legal or constitutional error remain the 'one narrow exception' to our rule that the agency's sua sponte authority is not subject to judicial review." (quoting *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1116 (9th Cir. 2019))).  Petitioner has failed to raise any colorable legal or constitutional errors in the BIA's denial of sua sponte reopening.  We therefore lack jurisdiction to review that denial of relief.  *See id*. at 1235 (where the BIA's denial of sua sponte relief "was untainted by legal or constitutional error . . . there is nothing left for us to review").

1.      Petitioner contends that his motion to reopen should be considered timely because equitable tolling applies to the 90-day deadline in 8 C.F.R. § 1003.2(c)(2).  *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) ("This court . . . recognizes equitable tolling of deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error . . . .").  Petitioner argues that the notice to

3

appear ("NTA") was defective under 8 U.S.C. § 1229(a)(1)(G)(i) because it failed to specify adequately the place of his removal hearing, as required by *Pereira*, thus making him eligible for new, previously unavailable relief.[1] *See Lona*, 958 F.3d at 1230-31 ("Although claims for equitable tolling typically arise in conjunction with claims of ineffective assistance of counsel, claims based on changes in the law are not unheard of, nor are they prohibited." (citation omitted)).

Contrary to Petitioner's argument, the NTA did contain the correct address of the immigration court where the hearing was to be held – 606 S. Olive Street, 15th Floor, Los Angeles, CA 90014-0000,which the government points out is "identical to the address provided on the Department of Justice website for the Los Angeles Immigration Court."  Although the specific courtroom on the 16th Floor was not included in the NTA, this does not render the NTA defective within the meaning of *Pereira* or *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), which both discussed NTAs that failed to specify either a time or place of the proceedings. Instead, the address might be characterized as somewhat incomplete.  Nonetheless,

---

[1]     The NTA notified Petitioner that his hearing would be held at "606 S. Olive Street, 15th Floor, Los Angeles, CA 90014-0000."  This is the address of the immigration court; however, Petitioner pointed out in his brief to the BIA that "there are no immigration judges on the 15th Floor."  Subsequent hearing notices used the same address, including the 15th Floor designation, but added another line, which states "16th Floor, Courtroom 'O.'"

4

it did direct Petitioner to the official address of the immigration court. Petitioner accordingly is not entitled to relief under *Pereira* and has not established that he is entitled to equitable tolling. We therefore deny the petition as to this argument.

**2.** In support of his request for sua sponte reopening, Petitioner contends that jurisdiction never vested in the immigration court because the NTA was defective for failure to comply with the requirement in 8 C.F.R. § 1003.15(b)(6) that the NTA include "[t]he address of the Immigration Court where the Service will file the . . . [NTA]." *See Pereira*, 138 S. Ct. at 2110 (holding that an NTA "that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule" for purposes of accrual of continuous physical presence to be eligible for cancellation of removal). Thus, the argument goes, the IJ lacked jurisdiction, and the BIA should have terminated removal proceedings and abused its discretion in failing to do so. However, "*Pereira* articulated the requirements for an NTA in regards to the stop-time rule under 8 U.S.C. § 1229b(d)(1)(A)" and "did not address the requirements for an NTA to vest an immigration court with jurisdiction under 8 C.F.R. § 1003.14." *Aguilar Fermin*, 958 F.3d at 893. The alleged defect in the NTA accordingly did not deprive the immigration court of jurisdiction. *Id.* at 895. The BIA's denial of discretionary relief as to his claim is

accordingly free from legal or constitutional error, and we therefore lack jurisdiction to review it. *Lona*, 958 F.3d at 1235.

**3.**     Petitioner contends that he has established eligibility for cancellation of removal because the defective NTA did not trigger the stop-time rule. He argues that, in denying sua sponte reopening, the BIA committed legal error in finding that the NTA "contained a typographical error rather than a defect."

Contrary to the government's contention, the subsequent notices of hearing cannot correct a deficient NTA, if the NTA is indeed defective. *See Niz-Chavez*, 141 S. Ct. at 1479–86 (holding that all the requisite information regarding the hearing must be contained in a single NTA). Nonetheless, as discussed above, we conclude that the NTA is not defective under *Pereira*. The BIA's denial of discretionary relief as to this claim is accordingly free from legal or constitutional error, and we therefore lack jurisdiction to review it. *Lona*, 958 F.3d at 1235.

•   ●   •

For the reasons stated above, the petition for review is **DENIED IN PART AND DISMISSED IN PART**.